## (March 16, 1972)

■ Ruth Cohen, Respondent, v. Hamilton Life Insurance Company of New York, Respondent. Hamilton Life Insurance Company of New York, Defendant and Interpleading Plaintiff-Respondent, v. Bessie Shill, Interpleaded Defendant-Appellant.— Resettled order, Supreme Court, New York County, entered on or about June 16, 1971, granting plaintiff's motion for summary judgment, reversed, on the law, without costs and without disbursements, and the motion denied, without prejudice. The motion should not have been passed upon while the injunction in the rehabilitation proceeding affecting Hamilton Life Insurance Company of New York was extant. Plaintiff is stayed from the further prosecution of this action pending application for leave to prosecute on proper papers and upon notice to the Attorney-General of the State of New York, to the appellant Bessie Shill and to Hamilton Life Insurance Company of New York, now Unionmutual Stock Life Insurance Company of New York. Concur — Stevens, P. J., Markewich, Murphy and McNally, JJ.; McGivern, J., dissents in the following memorandum: I would affirm. We have before us a motion for summary judgment, brought on by a named beneficiary of an insurance policy, who has executed the moving affidavit. The response is an affidavit by an attorney, not a party, and not purporting to present any evidentiary facts sufficient to present a valid defense to plaintiff's claim. The direction by the majority that plaintiff now seek leave to sue is just so much needless circumlocution. The action was started on April 21, 1970, and the answer of Hamilton did not raise the question of the injunction. And Hamilton's brief, on this submission, expresses a willingness to pay the plaintiff as beneficiary. I note also that the Bronx action was started on March 23, 1970, without prior permission; and when Hamilton interposed its interpleader in the instant action, to wit, March 22, 1971, the injunction was not in force, nor when this motion was brought on. It is clear the plaintiff must inevitably prevail. Directing plaintiff, at this late stage, to seek

permission to sue, is insistence on idle ceremony and wasteful of court and judicial time. Special Term was correct in seizing on the only issue that matters and ending this litigation.